**Marcos Flores LOPEZ; Flora Nelia Flores; Erick Alexander Flores Meija, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71382.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2006.

Decided June 15, 2006.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Petitioners Marcos Flores Lopez, Flora Nelia Flores, and Erick Alexander Flores Meija ("Petitioners") are aliens present in the United States without having been lawfully admitted. Marcos's and Flora's son, Marcos Jr., is an American citizen. Petitioners applied for cancellation of removal and argued that their removal would cause Marcos Jr. an exceptional and extremely unusual hardship. *See* 8 U.S.C. § 1229b(b)(1)(D). The immigration judge ("IJ") denied their application, and the Board of Immigration Appeals ("BIA") affirmed his decision. This petition followed.

Petitioners based their hardship claim on the educational disruption Marcos Jr., a 13 year-old at the time of the hearing, would suffer if forced to move to Mexico. They tried to solicit testimony from Marcos Jr.'s teacher, a bilingual instructor with extensive experience teaching Mexican emigré children, to compare the Spanish fluency of her U.S.-educated students with that of recent Mexican immigrants. The IJ excluded this testimony, clearly relevant to the hardship Marcos Jr. would face in a Mexican school, because the teacher was "not an expert on 5th graders in Mexico."

Petitioners chiefly argue that this refusal to allow the teacher to testify, combined with the IJ's apparent bias, violated their due process rights. Although we lack jurisdiction to review the merits of an exceptional and extremely unusual hardship

Dennis McCaffrey, Esq., Attorney at Law, Salem, OR, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Leslie McKay, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

claim, *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003), Petitioners do not challenge this determination but rather allege a colorable constitutional claim. We accordingly have jurisdiction to review de novo the BIA's rejection of this claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

"An alien who faces deportation is entitled to a full and fair hearing of the alien's claims and a reasonable opportunity to present evidence on his or her behalf." *Zolotukhin v. Gonzales,* 417 F.3d 1073, 1075 (9th Cir.2005). The exclusion of otherwise relevant evidence for inappropriate reasons triggers due process concerns. *Lopez–Umanzor v. Gonzales,* 405 F.3d 1049, 1056 (9th Cir.2005). Here, the IJ should have allowed the teacher to testify. Petitioners did not ask for her expert opinion on the education of students in Mexico, but for testimony describing her personal experience teaching Mexican immigrants and students educated in a bilingual program. The fact that the IJ monopolized the questioning and seemed hostile toward Petitioners at times also raises due process concerns. *Sanchez–Cruz v. INS,* 255 F.3d 775, 779 (9th Cir.2001) ("A neutral judge is one of the most basic due process protections.").

Due process challenges, however, require a showing of prejudice in order to succeed. *Lin v. Ashcroft,* 377 F.3d 1014, 1016 (9th Cir.2004). Cancellation of removal based on exceptional and extremely unusual hardship "is to be limited to truly exceptional situations." *In re Monreal,* 23 I. & N. Dec. 56, 62, 2001 WL 534295 (BIA 2001). In light of this high threshold, *see In re Andazola–Rivas,* 23 I. & N. Dec. 319, 323 (BIA 2002), we cannot conclude that the flaws in the hearing substantially affected the outcome of Petitioners' application.

Petitioners' other challenges lack merit. Their petition is DENIED.